Bryan S. Fairman (SBN 261087)
bfairman@aldridgepite.com
Joseph C. Delmotte (SBN 259460)
jdelmotte@aldridgepite.com
**ALDRIDGE PITE, LLP**
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorneys for
U.S. Bank National Association, as Indenture
Trustee for Towd Point Mortgage Trust Asset-
Backed Securities, Series 2015-1

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA - SANTA ROSA DIVISION

In re

NORMA MATHILDE FLORES,

Debtor.

Case No. 20-10093

Chapter 13

**OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**

341(a) MEETING:
DATE: May 12, 2020
TIME: 11:00 AM
PLACE: Santa Rosa U.S. Trustee Office

CONFIRMATION HEARING:
Trustee Pending List

U.S. Bank National Association, as Indenture Trustee for Towd Point Mortgage Trust Asset-Backed Securities, Series 2015-1 [1] (hereinafter "Creditor"), secured creditor of the above-entitled debtor, Norma Mathilde Flores (hereinafter "Debtor"), hereby objects to the Chapter 13 Plan filed by Debtor in the above-referenced matter. The objection is based on Creditor's Proof of Claim No. 4 and the authorities cited herein and on such additional submissions and argument as may be presented at or before the confirmation hearing.

---

[1] This Objection to Confirmation of Chapter 13 Plan shall not constitute a waiver of the within party's right to receive service pursuant to Fed. R. Civ. P. 4, made applicable to this proceeding by Fed. R. Bankr. P. 7004, notwithstanding Aldridge Pite, LLP's participation in this proceeding. Moreover, the within party does not authorize Aldridge Pite, LLP, either expressly or impliedly through Aldridge Pite, LLP's participation in this proceeding, to act as its agent for purposes of service under Fed. R. Bankr. P. 7004.

# 1) INTRODUCTION

Creditor respectfully requests that the Court deny confirmation of the Debtor's Chapter 13 Plan. Specifically, Debtor's Plan fails to provide for a cure of Creditor's pre-petition claim in full. For the reasons set forth herein, the Court should deny confirmation of the Debtor's Chapter 13 Plan.

# 2) STATEMENT OF FACTS

1. Creditor's claim is evidenced by a promissory note executed by Debtor Norma Flores (collectively the "Borrower"), and dated September 6, 2002, in the original principal sum of $172,000.00 (the "Note"). A copy of the Note is attached to Creditor's proof of claim no. 4 as filed on the Court's claims register ("CCR") in the instant bankruptcy case and incorporated herein by reference.

2. The Note is secured by a deed of trust (the "Deed of Trust[2]") encumbering the real property commonly known as 1195 Santa Barbara Dr., Santa Rosa, CA 95404 (the "Subject Property"). A copy of the Deed of Trust is attached to Creditor's proof of claim no. 4 as filed in the instant bankruptcy case and incorporated herein by reference.

3. Subsequently, the Note was indorsed in blank thereby converting the Note to a bearer instrument. Creditor, directly or through an agent, is in possession of the original promissory note indorsed in blank. See CCR, Claim No. 4.

4. Subsequently, the beneficial interest in the Deed of Trust was transferred to Creditor. A copy of the Assignment of Deed of Trust is attached to Creditor's proof of claim no. 4 s filed in the instant bankruptcy case and incorporated herein by reference.

5. On February 10, 2020, Debtor filed the instant Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Northern District of California, Santa Rosa Division, and was assigned case number 20-10093.

6. Debtor's Schedules I and J in the instant case reflect expenses in the total monthly amount of $670.00 and income in the total monthly amount of $2,700.00.

7. On February 10, 2020 the Debtor filed her Chapter 13 Plan (the "Plan") providing for monthly payments to the Trustee in the total amount of $1,984.00, for 60 months. Of the sum paid to

---

[2] The Note and Deed of Trust are collectively referred to herein as the "Subject Loan."

the Chapter 13 Trustee, Creditor will be paid $411.39 per month for 60 months on its pre-petition arrears, which are listed in the amount of $24,683.29.

8.  On February 10, 2020 the Debtor filed Schedules I and J reflecting disposable income in the amount of $2,030.00 per month, however, the Debtor proposes to apply only $1,984.00 per month to the Chapter 13 Plan without explanation as to how the remaining $46.00 in monthly disposable income will be allocated.

9.  On March 26, 2020, Creditor filed its proof of claim (the "Proof of Claim") secured by the Subject Property with a total outstanding balance in the amount of $172,715.33, and a pre-petition arrearage claim of $42,833.69. See CCR, Claim No. 4.

### 3) ARGUMENT

**A. DEBTOR'S CHAPTER 13 PLAN CANNOT BE CONFIRMED AS PROPOSED.**

The provisions of 11 United States Code ("U.S.C.") Section 1325 set forth the requirements for the Court to confirm a Chapter 13 Plan. The burden is on the debtor to demonstrate that the plan meets the conditions essential for confirmation. Warren v. Fidelity & Casualty Co. of N.Y. (In re Warren), 89 B.R. 87, 93 (B.A.P. 9th Cir. 1988). For the reasons detailed herein, the Debtor fails to meet this burden.

**1. Debtor's Chapter 13 Plan Cannot Be Confirmed Because it Does Not Provide for the Full Value of Creditor's Claim.**

11 U.S.C. Section 1325(a)(5)(B)(ii) requires a debtor's Chapter 13 Plan to distribute at least the allowed amount of a creditor's secured claim. See 11 U.S.C. § 1325(a)(5)(B)(ii). Furthermore, the requirement that a debtor provide for the full value of a creditor's secured claim is mandatory for plan confirmation. See Barnes v. Barnes (In re Barnes), 32 F.3d 405, 407 (9th Cir. 1994); see also In re Lucas, 3 B.R. 252, 253 (Bankr. S.D. Cal. 1980)("In order to confirm any Chapter 13 Plan, the court must be satisfied…that the plan meets all the requirements of § 1325(a)."). The burden lies with the debtor in demonstrating compliance with section 1325(a). Chinichian v. Campolongo (In re Chinichian), 784 F.2d 1440 (9th Cir. 1986).

The Debtor's Plan cannot be confirmed as proposed because it fails to properly provide for

the cure Creditor's pre-petition arrears in full. As previously discussed, Creditor's claim for pre-petition arrears is in the total amount of $42,833.69. See CCR, Claim No. 4. However, the Debtor's Chapter 13 Plan provides for the cure of only $24,683.29. As the Debtor's Plan fails to provide for a cure of Creditor's pre-petition arrears in full, it fails to satisfy 11 U.S.C. 1325(a)(5)(B)(ii) and cannot be confirmed as proposed.

## IV. CONCLUSION

In light of the Debtors' Plan's failure to provide for a cure Creditor's pre-petition claim in full, Creditor respectfully requests that the Court deny confirmation of the Debtors' Chapter 13 Plan.

WHEREFORE, Creditor respectfully requests:

i) That confirmation of the Debtor's Chapter 13 Plan be denied;

ii) Alternatively, that the Plan be amended to provide for the pre-petition arrears listed in Creditor's Proof of Claim to be paid within a period not to exceed sixty months; and

iii) For such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: 3/31/2020     ALDRIDGE PITE, LLP

By: /s/ Bryan S. Fairman
BRYAN S. FAIRMAN (SBN 261087)
Attorneys for U.S. Bank National Association, as
Indenture Trustee for Towd Point Mortgage Trust
Asset-Backed Securities, Series 2015-1

| | |
|---|---|
| 1 | Bryan S. Fairman (SBN 261087) |
| | bfairman@aldridgepite.com |
| 2 | Joseph C. Delmotte (SBN 259460) |
| | jdelmotte@aldridgepite.com |
| 3 | **ALDRIDGE PITE, LLP** |
| | 4375 Jutland Drive, Suite 200 |
| 4 | P.O. Box 17933 |
| | San Diego, CA 92177-0933 |
| 5 | Telephone: (858) 750-7600 |
| | Facsimile: (619) 590-1385 |

Attorneys for U.S. BANK NATIONAL ASSOCIATION, AS INDENTURE TRUSTEE FOR TOWD POINT MORTGAGE TRUST ASSET-BACKED SECURITIES, SERIES 2015-1

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA - SANTA ROSA DIVISION

| | |
|---|---|
| In re | Case No. 20-10093 |
| NORMA MATHILDE FLORES, | Chapter 13 |
| Debtor(s). | R.S. No. |
| | **PROOF OF SERVICE BY MAIL** |

I, Ciara M. Reboya, declare that:

I am employed in the County of San Diego, California. My business address is: 4375 Jutland Drive, Suite 200; P.O. Box 17933, San Diego, CA 92177-0933. I am over the age of eighteen years and not a party to this cause.

On April 1, 2020, I served the OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN, in said cause by placing a copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States Mail at San Diego, California, addressed as follows: SEE ATTACHED SERVICE LIST.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on April 1, 2020, at San Diego, California.

/s/ Ciara M. Reboya
CIARA M. REBOYA

| | |
|---|---|
| 1 | **SERVICE LIST** |
| 2 | **DEBTOR(S)** <br> **(via U.S. Mail)** |
| 3 | |
| 4 | Norma Mathilde Flores <br> 1195 Santa Barbara Drive <br> Santa Rosa, CA 95404 |
| 5 | |
| 6 | **CHAPTER 13 TRUSTEE** <br> **(via electronic notice)** |
| 7 | |
| 8 | David Burchard <br> P.O. Box 8059 <br> Foster City, CA 94404 |
| 9 | TESTECF@burchardtrustee.com |
| 10 | |
| 11 | **U.S. TRUSTEE** <br> **(via electronic notice)** |
| 12 | U.S. Trustee <br> Office of the United States Trustee |
| 13 | Phillip J. Burton Federal Building <br> 450 Golden Gate Ave. 5th Fl., #05-0153 |
| 14 | San Francisco, CA 94102 <br> USTPRegion17.SF.ECF@usdoj.gov |